

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
06/15/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| WINDMILL RUN ASSOCIATES, LTD., | ) | CASE NO. 15-80319-G3-11 |
| | ) | |
| Debtor | ) | |
| | ) | |
| WINDMILL RUN ASSOCIATES, LTD., | ) | ADVERSARY NO. 15-8013 |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, ET AL., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has considered:

1.   "Fannie Mae's Rule 12(b)(6) Motion to Dismiss The Complaint" (Docket No. 13);

2.   "Oak Grove Commercial Mortgage's Motion to Dismiss Debtor's Complaint" (Docket No. 14);

3.   "Plaintiff's Motion for Partial Summary Judgment That (1) "Deed of Trust" Conveyed Nothing, and (2) Alternatively, That "Deed of Trust" Is Avoided Pursuant to 11 U.S.C. § 544(a)(3) Due to Defects Apparent in the Face of the Document" (Docket No. 21) filed by Windmill Run Associates, Ltd.;

4.   "Fannie Mae's Opposition to Plaintiff's Motion for Partial Summary Judgment and Cross-motion for Summary Judgment" (Docket No. 25),

5.   "Oak Grove Commercial Mortgage's Motion for Summary Judgment" (Docket No. 26),

6.   "Plaintiff's Opposed Motion for Leave to Amend First Amended Complaint" (Docket No. 28); and

7.    "Defendants' Opposed Emergency Motion for
Continuance of Trial Setting" (Docket No. 48).

The following are the Findings of Fact and Conclusions
of Law of the court.  A separate conforming Judgment will be
entered.  To the extent any of the Findings of Fact are
considered Conclusions of Law, they are adopted as such.  To the
extent any of the Conclusions of Law are considered Findings of
Fact, they are adopted as such.

## Findings of Fact

Windmill Run Associates, Ltd. ("Debtor"), a Texas
limited partnership, filed a voluntary petition under Chapter 11
of the Bankruptcy Code on August 29, 2015.

In Debtor's Chapter 11 disclosure statement, which has
been approved by the court, Debtor stated that it operates a 76
unit apartment complex in Sweeny, Texas.  Debtor stated that it
executed a note secured by a deed of trust for the purchase of
the property.  Debtor stated that the initial lender, Midland
Mortgage Investment Corp. ("Midland"), assigned the loan
documents to Defendant Federal National Mortgage Association
("Fannie Mae"), and that Defendant Oak Grove Capital ("Oak
Grove") is servicer of the loan on behalf of Fannie Mae.  (Docket
No. 200, Case No. 15-80319-H3-11).[1]

---

[1]Debtor also identifies the dispute set forth in the instant
adversary proceeding in the disclosure statement.

2

In the complaint in the instant adversary proceeding, Debtor seeks:

> (i) avoidance of the deed of trust pursuant to section 544 of the Bankruptcy Code ("First Claim for Relief");

> (ii) avoidance of the assignment pursuant to section 544 of the Bankruptcy Code ("Second Claim for Relief");

> (iii) avoidance and recovery of alleged preferential transfers ("Third Claim for Relief and Fourth Claim for Relief");

> (iv) money damages for an alleged breach of the deed of trust ("Fifth Claim for Relief");

> (v) a declaratory judgment that Fannie Mae is an unsecured creditor owed no more than approximately $1,538,000 ("Sixth Claim for Relief");

> (vi) disallowance of Fannie Mae's proof of claim ("Seventh Claim for Relief"); and

> (vii) an award of attorney's fees ("Eighth Claim for Relief").

(Docket No. 1).

Debtor contends that the deed of trust is invalid because the acknowledgment signed by Debtor's principal, Frank Fonseca, identifies Fonseca only in his individual capacity, and not in any capacity on behalf of Debtor.  Debtor contends that the filing of the deed of trust in the real property records does not impart notice to the estate (exercising the power of a bona fide purchaser under Section 544 of the Bankruptcy Code) because it was unlawfully recorded, in light of the allegedly defective acknowledgment, and because Fannie Mae has not filed an assumed name certificate pursuant to Chapter 71 of the Texas Business and

Commerce Code.

Debtor contends the assignment from Midland to Fannie Mae is invalid because the assignment was not eligible for recordation due to the allegedly defective acknowledgment, and Fannie Mae's failure to file an assumed name certificate.

Debtor contends Defendants preferentially transferred $89,000 to themselves from reserve accounts that allowed them to receive more than that to which they would have been entitled in a case under Chapter 7 of the Bankruptcy Code.

Debtor contends that Defendants breached the deed of trust by failing to give notices specified in the deed of trust. (Docket No. 1).

In the instant motions to dismiss, Fannie Mae and Oak Grove seek dismissal for failure to state a claim upon which relief can be granted. (Docket Nos. 13, 14).

In its motion for summary judgment, Debtor seeks a partial summary judgment as to its contentions that the deed of trust and assignment are invalid or avoidable under Section 544 on grounds of the allegedly defective acknowledgment. (Docket No. 21).

In their motions for summary judgment, Defendants seek a summary judgment determining that the deed of trust is valid and dismissing all of Debtor's claims with prejudice. (Docket Nos. 25, 26).

4

In the instant motion to amend, Debtor seeks to amend the complaint to a) assert additional grounds under California statute for invalidation of the acknowledgment; b) assert an additional cause for breach of contract based on a demand for an additional reserve deposit; c) assert a cause of action for a declaratory judgment that the loan is non-recourse as to Debtor; d) cite a different section of Texas statute in support of its argument that Fannie Mae is in violation of the assumed name provisions; and e) assert that Fannie Mae's claim is not allowable because the note is non-recourse.  (Docket No. 28). Defendants object to the amendment on grounds amendment is futile.  (Docket No. 33).

In the instant motion for continuance, Defendants seek a 90-day continuance of trial, on grounds they are not able to prepare for trial because they have not yet filed an answer (in light of the pending motions to dismiss), and they may possibly assert counterclaims.  (Docket No. 48).[2]  Debtor opposes the continuance because its pending plan (which is presently set for a confirmation hearing on June 22, 2016) provides for an adjustment of payout on Fannie Mae's proof of claim, depending on resolution of the instant adversary proceeding.  (Docket No. 49).

---

[2]Defendants do not identify any potential counterclaims in the motion.

The deed of trust which is the center of the dispute
among the parties, is attached to all the motions for summary
judgment.  There are 52 printed pages, consisting of a cover
sheet, a table of contents (numbered pages i through iii), and
the main document (numbered pages 1 through 48).  At the page
numbered 48, the document is signed by "Windmill Run Associates,
Ltd., a Texas limited partnership," by "Windmill Run Development,
Inc., a Texas corporation, its General Partner," by Frank
Fonseca, president.  Also on the page numbered 48, there is
printed a form of acknowledgment, and on the signature line,
appear the words "See attached" and what appear to be the
initials "M. J."

Following the page numbered 48, there are seven pages.
The first of these pages is titled "California All-Purpose
Acknowledgement."  The form is filled out with information that
states:

> On Dec. 13th, 2002 before me, Miryam Jacinto,
> personally appeared Frank Fonseca, proved to me on the
> basis of satisfactory evidence to be the person whose
> name is subscribed to the within instrument and
> acknowledged to me that he executed the same in his
> authorized capacity(ies), and that by his signature(s)
> on the instrument the person(s), or the entity upon
> behalf of which the person(s) acted, executed the
> instrument.

Below the section identified above, there is a
horizontal line, containing the word "Optional."  Below the line,
the document states:  "Though the information below is not

required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document."  Following this language, the form provides space for a description of the document which was acknowledged.  On the line labeled "Title or Type of Document," the words "Multifamily Deed of Trust" appear.  On the line for "Number of Pages," the number 48 appears.  Under the section labeled "Capacity(ies) Claimed by Signer," a box is checked labeled "Individual."[3]  (Docket No. 21, Exhibit A).

Following the "California All-Purpose Acknowledgement," there is a page labeled "Key Principals," bearing the page number 49.  Frank Fonseca and Mark Walther are listed.  The next three pages, numbered A-1 through A-3, contain a description of the property.  The final two pages, number B-1 through B-2, add further terms.

---

[3]    ----------------OPTIONAL----------------------
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*
**Description of Attached Document**
Title or Type of Document: "Multifamily Deed of Trust" [handwritten]
Document Date:  [Left Blank]   Number of Pages: "48" (handwritten)
Signer(s) Other Than Named Above   [Left Blank]
    **Capacity(ies) Claimed by Signer**
Signer's Name:          [Left Blank]
"x" Individual
❑    Corporate Officer - Title(s): _____
❑    Partner - ❑ Limited ❑ General
❑    Attorney-in-Fact
❑    Trustee
❑    Guardian or Conservator
❑    Other:      [Left Blank]

Signer Is Representing:             [Left Blank]

On the last page of the document, numbered B-2, there is a stamp of the County Clerk of Brazoria County, Texas, indicating that the document was filed for record.  (Docket No. 21, Exhibit A).

Conclusions of Law

Section 544(a)(3) of the Bankruptcy Code provides that the trustee (which includes a Chapter 11 debtor in possession pursuant to Section 1107(a) of the Bankruptcy Code):

> shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> * * *
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

A conveyance of an interest in real property, including a deed of trust, is void as to a subsequent purchaser under Texas law if the interest was not recorded at the time of the subsequent purchase and the purchaser paid valuable consideration without notice of the unrecorded interest.  Matter of Hamilton, 125 F.3d 292 (5th Cir. 1997), citing Tex. Prop. Code § 13.001(a).

8

In its motion for summary judgment, Debtor argues that the deed of trust is invalid because a) in light of the notary certificate's statement that there were 48 pages in the document, the 59 page document including the cover sheet and all exhibits was incomplete, and therefore the document was notarized in violation of California statute prohibiting a notary from acknowledging an instrument that is incomplete; b) the notary certificate indicated that Fonseca signed as an individual and thus Debtor conveyed nothing; and c) the property description was not part of the 48 pages.

Texas Property Code § 13.001(a) provides:

> (a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.

Tex. Prop. Code § 13.001(a).

Under Texas law, "acknowledged" means, in the case of a partnership, "by a partner or partners acting for the partnership, that the partner or partners personally appeared before the officer taking the acknowledgment and acknowledged executing the instrument as the act of the partnership for the purposes and consideration expressed in it." Tex. Civ. Prac. & Rem. Code § 121.006(b)(3). An "ordinary" acknowledgment that does not utilize the precise language expressed in section 121.007 may nevertheless be held sufficient if it is in

9

"substantial compliance" with the statute.  See Hill v. Foster,

186 S.W.2d 343, 345 (Tex. 1945) ("A substantial compliance with

the statute will be sufficient, if it contains language which

possesses the same meaning or represents the same facts.");

Sheldon v. Farinacci, 535 S.W.2d 938, 941–42 (Tex. Civ. App.–San

Antonio 1976, no writ) ("no exact form or words [are] required,"

and an acknowledgment is "valid so long as it shows that all

essential prerequisites were in fact complied with").

Tex. Civ. Prac. & Rem. Code § 121.007 provides:

The form of an ordinary certificate of
acknowledgment must be substantially as
follows:

"The State of _____,
"County of _____,

"Before me _____ (here insert the name and
character of the officer) on this day personally
appeared _____, known to me (or proved
to me on the oath of _____ or through
(description of identity card or other document))
to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that
he executed the same for the purposes and
consideration therein expressed.

(Seal) "Given under my hand and seal of office
this _____ day of _____, A.D.,
_____."

Tex. Civ. Prac. & Rem. Code § 121.007.

California Civil Code § 1189(a)(4)(C) provides:

On documents to be filed in another state or
jurisdiction of the United States, a California notary
public may complete any acknowledgement form as may be
required in that other state or jurisdiction on a
document, provided the form does not require the notary

10

> to determine or certify that the signer holds a
> particular representative capacity or to make other
> determinations and certifications not allowed by
> California law.

Cal. Civ. Code § 1189(a)(4)(C).

The form of acknowledgment prescribed under Texas law does not require that the notary state the capacity in which the signer signed the document.  The court concludes that the notary certificate attached to the deed of trust is in substantial compliance with Texas law regarding acknowledgment.

As to the question of whether the property description was included in the deed of trust, in ascertaining the parties' intent, the court must examine the entire document as a whole and strive to give every part of it effect. See Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983); see also Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex. 1994).  Words should be given their plain meaning based on the way they are used, unless it appears that doing so would defeat the intention of the parties. See Fox v. Thoreson, 398 S.W.2d 88, 92 (Tex. 1966).

A conveyance of real property must contain a sufficient description of property to be conveyed. AIC Mgmt. v. Crews, 246 S.W.3d 640, 645 (Tex. 2008).  The well established rule to test the sufficiency of a description in a deed is that "the writing must furnish within itself or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty." Morrow v. Shotwell,

11

477 S.W.2d 538 (Tex. 1972).

The deed of trust defines "Mortgaged Property" as "...
all of the Borrower's present and future right, title and
interest in and to all of the following: (1) the Land; (2) the
Improvements; ..."  "Land" is defined as the land described in
Exhibit A.  At the page numbered 47, the deed of trust recites
that Exhibit A is attached.  The court concludes that the deed of
trust contains a complete legal description of the property.

As to the question of whether the signature is
sufficient on behalf of Debtor, the deed of trust provides on its
face that Fonseca signed as President of the General Partner of
the Debtor, and executed the deed of trust on behalf of the
Debtor.  The court concludes that the deed of trust conveyed
Debtor's interest in the property in trust.  The court concludes
that the deed of trust and assignment are valid.

The court's determination that the deed of trust and
assignment are valid resolves the entirety of Debtor's motion for
partial summary judgment and Defendants' cross-motions for
summary judgment, and also requires dismissal of the claim for
declaratory judgment determining Fannie Mae to be unsecured.
What remain for analysis are the remainder of the claims in
Defendants' motions to dismiss, and the proposed claims set forth
in the proposed amendment to the complaint.

12

In the complaint, Debtor asserts the existence of a recoverable preference.  Section 547(b)(5) of the Bankruptcy Code requires as an element of a preference that the creditor receive more than it would receive in a hypothetical case under Chapter 7.  Debtor has estimated, in its disclosure statement, that Fannie Mae would receive less than 100 percent of its claim in a liquidation under Chapter 7.  (Docket No. 202, Case No. 15-80319-H3-11).  There appears to be a genuine issue of material fact as to whether Fannie Mae received more than it would have received in a hypothetical case under Chapter 7.[4]  The claim in the complaint for disallowance of Fannie Mae's claim also flows from the alleged preference.  The court concludes that dismissal and summary judgment should be denied as to the claims for relief for avoidance and recovery of a preference, and disallowance of Fannie Mae's proof of claim.

As to the assertion by Debtor of a breach of the deed of trust by Defendants, Defendants assert that Debtor cannot maintain a cause of action because it cannot prove that it performed or tendered performance.  The questions presented are contested facts.  The cause of action has been plausibly pled.  The court concludes that dismissal should be denied as to the claim for breach of contract.  The claim for attorney fees also

---

[4]The court notes, however, that its ruling on validity of the deed of trust and assignment may cause Debtor to re-evaluate whether it seeks to pursue a preference claim.

13

flows from the alleged breach of contract.  The court concludes
that dismissal should be denied as to the claim for attorney
fees.

As to the proposed amendments, the court's conclusion
that the deed of trust and assignment are valid, renders futile
the amendments as to violation of California and Texas statutes
regarding the acknowledgment, as well as the request for a
declaratory judgment determining that the note is non-recourse,
and the corresponding objection to Fannie Mae's claim on grounds
Debtor has no liability if the court invalidates the deed of
trust.  Debtor should be permitted to amend the complaint to
assert the additional grounds of breach of contract stated in the
motion.

As to the motion for continuance, the court notes that
this matter has been extensively litigated on both sides.  The
court will grant a short continuance in order to allow answers to
be filed.

Based on the foregoing, a separate conforming Judgment
will be entered.

Signed at Houston, Texas on June 15, 2016.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE